Bharati O. Sharma, Esq.
Andrew R. Wolf, Esq.
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 – Suite 101
North Brunswick, NJ  08902
Telephone- (732) 545-7900
Facsimile- (732) 545-1030
bsharma@wolflawfirm.net
awolf@wolflawfirm.net
*Attorneys for Plaintiff and those similarly situated*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTINE MULLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DURHAM SCHOOL SERVICES, L.P., d/b/a MURPHY TRANSPORTATION, DURHAM SCHOOL SERVICES, AND VOGEL BUS COMPANY; and HOLDING II, L.L.C., DURHAM,<br><br>Defendants. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## <u>INTRODUCTION</u>

1.      Plaintiff Justine Muller ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendants Durham School Services, L.P. d/b/a Murphy Transportation, Durham School Services and Vogel bus company; and Holding II, L.L.C., Durham. (collectively "DSS" or "Defendants") seeking a refund of fees paid to Defendants for transportation for the 2019-2020 school year.

2.      Specifically, as set forth more fully below, this is a class action lawsuit on behalf of all people who paid fees to DSS for school transportation for the 2019-2020 academic school

year, and who, because of school closures in response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the services for which they paid, without having been refunded the portion of the fees for services paid for that were not provided

3.      DSS is a school bus operator providing student transportation throughout the United States, and currently operating in 32 states.

4.      As a result of the closure of educational facilities due to the global COVID-19 pandemic, Defendants have not provided the transportation services that Ms. Muller and the putative class contracted and paid for.

5.      Nonetheless, DSS has not refunded any fees for the 2019-2020 school year.

6.      Plaintiff and the putative class are therefore entitled to a refund of fees for transportation services that Defendants have not provided.

7.      Plaintiff seeks, for herself and Class members, Defendants' disgorgement of the pro-rated portion of fees, proportionate to the amount of time that remained in the 2019-2020 school year when Defendants ceased providing transportation services. Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

## **PARTIES**

8.      Plaintiff Justine Muller is an individual and a resident and citizen of the state of New Jersey.

9.      Plaintiff Justine Muller resides in Sayreville, N.J.

10.     Defendant Durham School Services, L.P. is a school bus operator providing student transportation throughout the United States with its principal place of business at 2601 Navistar Drive, Lisle, Illinois 60532.

11.     Defendant Holding II, L.L.C., Durham is the General Partner of Durham School

Services, L.P. with its principal place of business at 2601 Navistar Drive, Lisle, Illinois 60532. ("Defendants" shall refer to DSS and Holding II, L.L.C., Durham.).

## JURISDICTION AND VENUE

12.     The Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one member of the Class is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

13.     This Court has personal jurisdiction over Defendants because Defendants conduct business in New Jersey and have sufficient minimum contacts with New Jersey.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

### Plaintiff And Class Members Paid Transportation Fees For the 2019-2020 School Year

15.     DSS provides transportation to students across the United States, transporting more than 1,000,000 students daily in 32 states.

16.     Plaintiff and Class members are individuals who paid DSS fees for transportation services for the 2019-2020 school year.

17.     Plaintiff paid $600 per student (a total of $1,200) to DSS for two children for the cost of transportation for the 2019-2020 school year.

18.     The School year in Sayreville began in or about early September 2019 and was scheduled to end on or about the third week of June 2020.

19.     Plaintiff was required to pay the entire fee, $1,200 to DSS for school bus transportation in advance to reserve seats for her two children in middle school in Sayreville,

20.     Putative class members had similar school years and were similarly required to pay for bus transportation for the full 2019-2020 academic year in advance.

21.     Fees paid to DSS vary based on location.

**In Response To COVID-19 and School Closures, DSS Cancelled Transportation Services**

22.     As a result of nationwide school closures due to the global COVID-19 pandemic, DSS ceased providing transportation to educational institutions.

23.     The Sayreville School system closed all schools for in-person instruction on or about March 13, 2020.

24.     Subsequently, the State of New Jersey announced that all schools would remain closed for in-person instruction for the rest of the school year.

25.     DSS provided transportation to Plaintiff's two children for approximately seven months of the 10-month academic year.

26.     As a result of the closure of educational facilities, Defendants have not delivered the transportation services that Plaintiff and the putative class contracted and paid for. Plaintiff and the putative class are therefore entitled to a refund of all fees for services that Defendants have not provided.

27.     To date, Defendants have failed and continues to fail to refund any portion of Plaintiff's fee paid for transportation services.

28.     Moreover, Plaintiff and members of the proposed Class have been and will be deprived of utilizing services for which they have already paid.

29.     Plaintiff seeks, for herself and Class members, Defendants' disgorgement of the pro-rated portion of fees, proportionate to the amount of time that remained in the 2019-2020 school year when transportation services ceased being provided. Plaintiff seeks return of these

amounts on behalf of herself and the Class as defined below.

## CLASS ALLEGATIONS

30.     Plaintiff brings this action on behalf of herself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class and Subclass:

The Class:

All persons residing in the United States who paid DSS fees for transportation services for the 2019-2020 school year that DSS did not provide, and which fees have not been refunded as of the filing of this Complaint.

The Subclass:

All persons residing in New Jersey who paid DSS fees for transportation services for the 2019-2020 school year that DSS did not provide, and which fees have not been refunded as of the filing of this Complaint.

31.     Plaintiff reserves the right to amend or modify the Class definitions with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

32.     **Numerosity.** The members of the Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery.

33.     **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendants accepted money from Class members in exchange for the promise to provide services;

(b)     whether Defendants have provided the services for which Class members contracted; and

(c)     whether Class members are entitled to a refund for that portion of the fees that was contracted for services that Defendants did not provide; and

(d)     whether Defendants have unlawfully converted money from Plaintiff, the Class;

(e)     whether Defendants are liable to Plaintiff, the Class, for unjust enrichment; and

(f)     whether the failure to provide a refund to members of the Subclass constitutes an unconscionable commercial practice or other violation of the New Jersey Consumer Fraud Act.

34.     **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendants' wrongful conduct as set forth herein. Further, there are no defenses available to Defendants that are unique to Plaintiff.

35.     **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

36.     **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendants. It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class members could afford such individualized litigation, the court

system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

37.     **Ascertainability.** Class members are readily identifiable from DSS's records as DSS maintains contact information for all putative class members in the contracts or other forms putative class members are required to furnish to DSS in order to obtain transportation services for their children from DSS.

38.     In the alternative, the Class may also be certified because:

(a)     Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## <u>COUNT I</u>

**Breach of Contract**
**(On Behalf of the Class)**

39.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

40.     Plaintiff brings this claim on behalf of herself and on behalf of the members of the Class.

41.     Through the payment of fees, Plaintiff and each member of the Class entered into a binding contract with Defendants.

42.     As part of the contract, and in exchange for the aforementioned consideration, Defendants promised to provide certain services. Plaintiff and Class members fulfilled their end

of the bargain when they paid monies due for the 2019-2020 academic school year. Fees paid for the 2019-2020 school year were intended to cover transportation services for approximately ten (10) months from September 2019 through June 2020. In exchange for monies paid, Class members were entitled to transportation services through the end of the 2020 school year.

43.     Defendants have failed to provide the contracted for services and has otherwise not performed under the contract as set forth above. Defendants have retained monies paid by Plaintiff and the Class for transportation, without providing them the benefit of their bargain.

44.     Plaintiff and members of the Class have suffered damages as a direct and proximate result of Defendants' breach, including but not limited to being deprived of the services to which they were promised and for which they have already paid.

45.     As a direct and proximate result of Defendants' breach, Plaintiff and the Class are entitled to damages, to include but not limited to reimbursement of certain fees that were collected by Defendants for services that Defendants failed to deliver.  Defendants should return the pro-rated portion of any 2019-2020 fees for transportation services not provided.

46.     Defendants' performance under the contract is not excused due to COVID-19.

47.     Indeed, Defendants should have refunded the pro-rated portion of any education related transportation services not provided. Even if performance was excused or impossible, Defendants would nevertheless be required to return the funds received for services they have not and will not provide.

## **COUNT II**
### **Unjust Enrichment**
### **(On Behalf Of The Class)**

48.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint

49.     Plaintiff brings this claim on behalf of herself and on behalf of the members of the Class.

50.     Plaintiff and members of the Class conferred a benefit on Defendants in the form of monies paid for fees in exchange for certain services and promises. Fees for the 2019-2020 school year were intended to cover transportation to and from school from approximately September 2019 through June 2020. In exchange for monies paid, Class members were entitled to transportation services through the end of the 2020 school year.

51.     Defendants voluntarily accepted and retained this benefit by accepting payment.

52.     Defendants have retained this benefit, even though Defendants have failed to provide the services for which fees were collected, making Defendants' retention unjust under the circumstances. Accordingly, Defendants should return the pro-rated portion of any 2019-2020 fees for services not provided since transportation ceased due to Covid-19.

53.     It would be unjust and inequitable for Defendants to retain the benefit, and Defendants should be required to disgorge the amounts they have retained for services not provided.

## COUNT III

### Conversion
### (On Behalf Of The Class)

54.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

55.     Plaintiff brings this claim on behalf of herself and on behalf of the members of the Class.

56.     Plaintiff and members of the Class have an ownership right to the transportation services they were supposed to be provided in exchange for the fees they paid to Defendants.

57.     Defendants wrongfully interfered with the rights of Plaintiff and the Class when they ceased providing services for fees paid and failed to provide a refund.

58.     Plaintiff and members of the Class demand the return of the pro-rated portion of any 2019-2020 fees for transportation services not provided since DSS ceased providing transportation.

59.     Defendants' retention of the fees paid by Plaintiff and members of the Class without providing the educational related transportation services for which they paid, deprived Plaintiff and Class members of the benefits for which the fees were paid.

60.     This interference with the services for which Plaintiff and members of the Class paid damaged Plaintiff and Class members in that they paid fees for services that have not and will not be provided.

61.     Plaintiff and Class members are entitled to the return of pro-rated portion of any 2019- 2020 fees for education related transportation services not provided since DSS ceased providing transportation.

## COUNT IV

**Violation of the New Jersey Consumer Fraud Act, 56:8-1, *et seq.*
(On Behalf Of The Subclass)**

62.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

63.     Defendants are persons pursuant to N.J.S.A. 56:8-1(d).

64.     N.J.S.A. 56:8-2 provides that Defendants have a duty not to engage in "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with

the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby;…"

65.     Defendants have engaged in deceptive, unconscionable, unfair, fraudulent and/or misleading commercial practices in failing to provide refunds to Plaintiff and members of the Subclass for the education related transportation services they have not and will not provide for the 2019-2020 academic school year in violation of the CFA.

66.     Defendants violated the CFA by engaging the pattern and practice of deceiving, misleading, misrepresenting, and/or knowingly concealing material facts regarding the services that would be provided in connection with their transportation services.

67.     Defendants' conduct in failing to issue refunds to Plaintiff and Subclass members for the portion of the 2019-2020 academic school year for services that were paid for and that Defendants have not and will not provide lacks honesty in fact, fair dealing, and good faith.

68.     Defendants acts of failing to issue prorated refunds to Plaintiff and Subclass members for the portion of the 2019-2020 academic school year for services that were paid for and that Defendants have not and will not provide constitutes an unconscionable commercial practice in violation of the CFA.

69.     Defendants' aforesaid conduct is an unlawful act and violates the CFA.

70.     As a direct result of Defendants' violations of the CFA, Plaintiff and the other members of the Subclass have suffered ascertainable losses, which include but are not limited to, the fees paid for the education related transportation services that Plaintiff and the Subclass did not receive.

71.     Plaintiff's ascertainable loss is approximately $360 ($600/10 months of services

=$60 per month, $60 x 3 months of no services = $180, & $180 x 2 children = $360).

72.     The losses of Subclass members are easily ascertainable by doing the above calculations as for Plaintiff.

73.     As a result of Defendants' violation of the CFA, Defendants are liable to Plaintiff and the other members of the Subclass.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants jointly and severally as follows:

(a)     For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)     For compensatory damages to Plaintiff and the Class;

(d)     For equitable relief requiring Defendants to disgorge all amounts of money they received from Plaintiff and the Class for transportation services that were not provided.

(e)     For Injunctive relief requiring Defendants to provide an accounting of all amounts received from Plaintiff and each member of the Class for which no services were provided;

(f)     For an order of restitution and all other forms of equitable monetary relief available to Plaintiff and the Class for amounts that Defendants retained for services that were not provided;

(g)     For declaratory judgment that the Defendants violated the N.J. Consumer Fraud Act as to Plaintiff and the Subclass;

(h)     For an award of treble damages to Plaintiff and the Subclass pursuant to <u>N.J.S.A.</u> 56:8-19;

(i)     For an award of attorneys' fees and cost to Plaintiff and the Subclass pursuant to <u>N.J.S.A.</u> 56:8-19;

(j) For prejudgment and post judgment interest on all amounts awarded;

(k) For injunctive relief as pleaded or as the Court may deem proper;

(l) For an order awarding Plaintiff and the Class reasonable attorneys' fees and expenses and costs of suit; and

(m) Such other and further relief as Plaintiff and others similarly situated may be entitled or as the Court deems equitable and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

## NOTICE TO ATTORNEY GENERAL OF THIS ACTION

A copy of this Complaint shall be mailed to the Attorney General of the State of New Jersey within ten days after the filing of this Complaint with the Court pursuant to N.J.S.A. 56:8-20.

## CERTIFICATION

Pursuant to Local Rule 11.2, the matter in controversy in this action is not the subject matter of any other proceeding or arbitration and all parties have been named except for the individuals employed by or acting on behalf of Defendants who participated in the unlawful conduct alleged and or set in practice or approved the unlawful conduct alleged.

Dated: May 12, 2020

      THE WOLF LAW FIRM, LLC

      *s/Bharati O. Sharma*
      Bharati O. Sharma